STEPHEN A. KALEMKARIAN, INC., #041979
A Professional Law Corporation
371 E. Bullard Avenue, Suite 115
Fresno, California 93710
Telephone: (559) 435-2525

Attorney for Respondent
          CORINNE CORTES

FILED
JUN 21 2006
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SITTING AS A TREATY TRIBUNAL UNDER
### ARTICLE III SECTION 2 OF THE UNITED STATES CONSTITUTION
### CONCURRENT JURISDICTION CONFERRED BY 42 U.S.C. 11602 ET SEQ.

\* \* \* \* \*

| | |
|---|---|
| DANIEL CORTES GENE, | Case No. CV F 05 1359 SMS |
|     Petitioner, | ORDER AFTER HEARING–<br>JUNE 20, 2006 |
| vs. | |
| CORINNE CORTES, | |
|     Respondent, | |

The Convention on the Civil Aspects
of International Child Abduction,
done at the Hague on 25 Oct. 1980 [The Convention]

----------------------

International Child Abduction Remedies Act
42 U.S.C. 11601 et seq.

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                                              No. CV-F-05-1359 SMS

A Settlement Conference having come on regularly for hearing on June 20, 2006, in Department No. 7 of the above-entitled Court, before the Honorable SANDRA M. SNYDER, Magistrate Judge, and Petitioner appearing in person and by counsel, BRENT D. SEYMOUR, and Respondent appearing in person and by counsel, STEPHEN A. KALEMKARIAN; and

This Court having taken jurisdiction over the issues of child custody, child visitation, and child support pursuant to that certain "Order After Hearing--June 5, 2006"; and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. SPANISH PROCEEDING: That the parties' property rights arising from their marriage shall be resolved in that certain proceeding filed by Petitioner in Spain, filed in the First Instance Court No. 45 Barcelona, Divorce No. 766/05-H.

2. CUSTODY OF CHILDREN: That the following orders shall be entered as to the minor children of the parties, namely, LAURA CORTES, daughter, born August 20, 1996, and ADINA CORTES, daughter, born March 23, 2000, until further order of the Court:

1.00 INTRODUCTION

    1.01 In the following, the term "mother" shall mean Respondent, the term "father" shall mean Petitioner, and the term "children" shall mean LAURA CORTES, daughter, born August 20, 1996, and ADINA CORTES, daughter, born March 23, 2000.

    1.02 It is the intent of this order that each of the parents shall exert every effort to maintain access and contact between the children and the other parent.

    1.03 Neither parent shall do anything which shall estrange the children from the other or impair the natural development of the children's love and respect for each parent. Each parent is to refrain from discussion of parental issues during the exchange of the children, and the children are not to be involved in any of the discussions between the two parents.

    1.04 The terms and conditions of this custody arrangement may be supplemented or revised as the needs of the children change(s). **Such changes shall be in writing and signed by both parents.** In the event that controversy arises, the existing order of the court shall remain in full force and effect pending further order of the court.

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES            No. CV-F-05-1359 SMS

1.05     The parents have the right, the duty, and the obligation to communicate with each other, regarding issues related to the children's parenting plan. The parents' communications, whether verbal, written and/or email shall be civil, and be used only for issues related to the children's parenting plan.

2.00     **JOINT LEGAL CUSTODY RIGHTS AND RESPONSIBILITIES**

2.01     The parents shall have joint legal custody which shall include the following rights and responsibilities. If those rights or responsibilities require mutual consent, failure to obtain mutual consent prior to implementation may be considered in any future hearing regarding custody or visitation. Such action may be considered a change of circumstance.

2.02     Each parent shall be empowered to obtain emergency health care for the children without the consent of the other parent. **Each parent is to notify the other parent as soon as reasonably possible of any illness requiring medical attention, or any emergency involving the children**.

2.03     The parents shall consult and cooperate with each other on substantial questions relating to religious upbringing, educational programs, significant changes in social environment and health care of the children.

2.04     All schools for the minor children shall be selected by the parents jointly. In the event that the parents cannot agree to the selection of a school, the children shall be maintained in the present school, pending a custody investigation and/or further order of the court, unless otherwise directed by appropriate school officials.

Due to the geographical distance, the parents shall each select health care providers, and day care providers for the children for the periods of time when the children are residing with each parent, respectively.

2.05     Each parent is to provide the other parent promptly with information concerning the well-being of the children, including but not limited to copies of report cards; school meeting notices; vacation schedules; class tests; notices of activities involving the children; samples of school work; order forms for school pictures, significant communications from health care providers, the names, addresses and telephone numbers of all schools, health care providers, regular day care providers, and counselors.

2.06     Each parent may keep themselves advised of school, athletic, and social events in which the children participate(s). Both parents may participate in school activities for the children such as open house, attendance at an athletic event, etc.

2.07     Both parents are to be listed on the children's school emergency cards. The mother shall be listed as "mother", and the father shall be listed as "father".

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                                              No. CV-F-05-1359 SMS

2.08   Each parent is to provide the other parent with the address and telephone number at which each parent resides, and to notify the other parent within two days of any changes of address or telephone number. The information shall not be used for the purpose of harassing or annoying each other.

2.09   Each parent shall provide the other parent with a telephone number where they may be contacted in the event of an emergency or message regarding the children.

2.10   Each parent shall be entitled to reasonable telephone and/or video cam communication with the children. "Reasonable" shall be defined as two (2) times per week, for the first two weeks of each parental period, and then, one (1) time per week. The parents are restrained from unreasonably interfering with the children's right to privacy during such telephone conversations. Neither parent shall use the telephone or video cam for the purpose of obtaining information from the children regarding the other parent.

The children may initiate communication with the non-physical custodial parent, at the children's option, and the other parent shall not interfere with said communication.

3.00   <u>JOINT PHYSICAL CUSTODY RIGHTS AND RESPONSIBILITIES/ VISITATION PLAN</u>

3.01   The parents shall have joint physical custody which means that each of the parents shall have significant periods of physical custody. Joint physical custody shall be shared by the parents in such a way as to assure the children have frequent and continuing contact with both parents according to the following parenting plan:

3.02   The children shall primarily reside with the mother, for 2/3 of the time, and, with the father, for 1/3 of the time.

3.03   That the children shall reside with the father, as follows:

   a.   The children shall reside with the father for the entire school summer vacation period, in Spain. The children shall reside with the father commencing at 6:00 p.m. on the day after school recesses for summer vacation, until 6:00 p.m. two days prior to the commencement of the next school year, subject to modification by the Special Master.

   Provided, however, that at mother's option, mother may have the children with her for 1 week, either at the beginning, or at the end, of the school summer vacation period. In that event, the father may have visitation with the children for an additional 1-week period during the school year.

   b.   That the father has the right to spend additional periods of time with the children, so that the children's annual time with father is up to one-third (1/3) of each year. That the parents shall alternate the children's Winter and

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                                    No. CV-F-05-1359 SMS

        Spring Breaks. That the details of the parents' custodial periods shall be worked out through the Special Master if the parties cannot agree between themselves.

4.00   HOLIDAYS AND SPECIAL OCCASIONS

4.01   Holidays and other special occasions shall be shared between parents as mutually agreed upon. If the parents do not agree, then the following schedule shall be followed.

4.02   **Winter Break**: Winter Break shall be defined as beginning on the last day of school, when school recesses for Winter Break, until 6:00 p.m., two (2) days prior to the resumption of school after Winter Break. During **even-numbered years**, the children shall reside with the **father** for **Winter Break**, in Spain  During **odd-numbered years**, the children shall reside with the **mother** for **Winter Break**.

        Provided, however, that the non-physical custodial parent for any Winter Break shall have the right, at his/her option, to visit with the children where they are residing for that Winter Break, for a three-day period during that Winter Break.

4.03   **Spring Break**: Spring Break shall be defined as beginning on the last day of school, when school recesses for Spring Break, until 6:00 p.m., two (2) days prior to the resumption of school after Spring Break. During **even-numbered years**, the children shall reside with the **mother** for **Spring Break**. During **odd-numbered years**, the children shall reside with the **father** for **Spring Break**, in Spain.

5.00   GENERAL RIGHTS AND RESPONSIBILITIES

5.01   The parents are restrained from unreasonably interfering with the right of the children to transport their clothing and possessions freely between parental homes.

5.02   Each parent shall notify the other parent at least 48 hours in advance if he/she is unable to exercise the regular scheduled visitation.

5.03   The children shall be picked up and returned at the designated times. Should a delay become necessary, the delayed parent shall immediately advise the other parent of the delay and the estimated length of time.

5.04   Responsibility for providing transportation shall be divided between the parents; and the **delivering parent** shall be responsible for arranging transportation, unless otherwise agreed by the parties. The children will be driven only by a licensed and insured driver.

        That the parents shall share the costs for the children's air travel between California and Spain, for the exchange of physical custody of the minor children. That each parent, or a person known to the children and the parents, shall escort the minor children to the other parent's residence for the exchange of physical custody of the

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                                          No. CV-F-05-1359 SMS

           children. That each parent shall pay for his/her own transportation to escort the minor children. That the parents shall escort the minor children for so long as recommended by the airline upon which the children are traveling, or, for so long as agreed between the parties.

5.05    That the parents shall cooperate in obtaining, and maintaining, current valid passports for the minor children, and Adina's U.S. permanent resident card, and any authorizations for travel (hereinafter, "travel documents"), to enable the physical exchange of the minor children. That the parents shall send such travel documents, with the minor children, on each exchange.

           That if either parent fails to deliver/return physical custody of the children and their travel documents on the prescribed dates and times, the non-complying parent shall be 100% responsible for all travel expenses and legal expenses required to obtain physical custody of the children.

           Provided, however, that if a parent disputes his/her untimely exchange on the basis that the untimely exchange was beyond that parent's control, that parent may submit the issue to the Special Master for resolution. Provided, further, however, that the parent who does not prevail in the resolution of that dispute shall also pay 100% of the Special Master's fees and costs arising from such dispute.

           That the Respondent shall deliver the children's Spanish national cards to the Petitioner, at the first exchange of the minor children.

5.06    The exchange location shall be the parents' residences, unless the children are picked up from their school, or, as mutually agreed upon between the parents.

6.00    <u>PROTECTION OF RIGHTS AND RESPONSIBILITIES</u>

6.01    Neither parent shall remove the children from the County of Mariposa, State of California, and/or from Catalonia, Spain, for the purpose of changing the children's residence, without the written notarized consent of both parents or until further order of the Court.

6.02    The parents are to obey all vehicle code laws when the children are in his/her physical custody. Safety restraints such as seat belts and/or child car seats are to be used at all times.

6.03    Appropriate law enforcement agencies are directed to secure compliance with the provisions of this order.

6.04    A conformed or certified copy of this order must be filed with the Sheriff's Department of each county noted in this order in California, and with the appropriate law enforcement agency in Barcelona, Spain.

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                            No. CV-F-05-1359 SMS

7.00    FURTHER COUNSELING:

7.01    The court orders that the mother, the father, and the children shall participate in counseling with a licensed mental health professional or through a community mental health agency, in their respective locales, to address the issues of: communication; parental divorce and adjustment; setting of clear boundaries; redefining of relationship and roles; parental alienation issues; parenting skills and style; custody conflict resolution.

The mother, father, and children shall participate in counseling as directed by the respective providers for a period of not more than 1 year from the date of this Order, the duration and frequency of such counseling shall be as directed by the respective counselors. The court further finds that the cost of such counseling does not jeopardize the parties' other financial obligations. All of the costs not reimbursed by insurance shall be paid by the parties as follows: (1) Each party shall pay for his/her own counseling sessions; (2) Each party shall pay 50% of all of the children's sessions.

The parents shall execute and deliver to their respective counselors authorizations to enable their respective counselors to communicate with each other, to enable the counselors to work with each other, as they may deem necessary and appropriate, in order to effectively assist the parties in resolving their issues.

3.      CUSTODY ORDER FINDINGS: That the Court finds that pursuant to California Family Code Section 3048, that:

1)   The Court has jurisdiction over the minor children pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act;

2)   That the parties were given proper notice and opportunity to be heard;

3)   That the custody and visitation rights of each party have been identified;

4)   That a violation of this order may subject the party in violation to civil or criminal penalties, or both;

5)   That the minor children of the parties are residents of the United States of America and Spain; and

6)   The Court finds there is no risk of abduction.

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                                      No. CV-F-05-1359 SMS

4. <u>RESOLUTION OF ISSUES BETWEEN THE PARTIES/SPECIAL MASTER/ COURT PROCEEDINGS</u>: That the parties shall communicate directly with each other regarding implementation of the above parenting plan. If issues arise between the parties regarding implementation of the above parenting plan, the parties shall make good-faith efforts to resolve such difficulties between them.

If the parties cannot, after a good-faith effort, resolve such issues, then the parties may, at their option submit, in writing, a summary of the issue, together with their efforts to resolve the issue, for resolution by a Special Master. The Special Master shall be a mental health professional agreed upon by the parties, and if the parties are unable to agree, as ordered by the Court, appointed to resolve difficulties of the parties regarding the children, as issues between the parties arise. That the Special Master shall forward his/her written recommendation to the parties for resolution of the issue between the parties. That each party shall pay one-half (½) of the fees for the Special Master, unless otherwise ordered by this Court. That the Special Master shall submit his/her recommendation to Magistrate Judge Sandra M. Snyder; and the Court may sign the recommendation of the Special Master, as an Order of the Court, at the Court's discretion; and/or the Court may issue an informational order thereon.

That if either party is unsatisfied with the recommendation of the Special Master, and Order thereon, either party has the right to file a notice of motion with this Court, within fifteen (15) days of the date of mailing of said Order, for resolution by Magistrate Judge Sandra M. Snyder, together with a request for a re-apportionment of the fees for the Special Master.

5. <u>U.S. CITIZENSHIP FOR ADINA</u>: That the parties shall cooperate in the process of obtaining a U.S. citizenship for ADINA CORTES, including promptly executing and delivering documents necessary to that process.

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                                    No. CV-F-05-1359 SMS

6. <u>CHILD SUPPORT</u>: That the Petitioner shall pay to Respondent as and for the support and maintenance of said minor children of the parties the sum of TWO HUNDRED FIFTY-ONE and no/100 DOLLARS ($251.00) (U.S.D) per month for LAURA CORTES, and the sum of FOUR HUNDRED TWELVE and no/100 DOLLARS ($412.00) (U.S.D.) per month for ADINA CORTES, for a total of SIX HUNDRED SIXTY-THREE and no/100 DOLLARS ($663.00) (U.S.D.) per month, effective commencing July 1, 2006.

That said sum of $663.00 (U.S.D) per month shall be payable by Petitioner to Respondent via a direct deposit to an account of Respondent's designation, commencing July 1, 2006, and continuing thereafter on the 1st day of each and every month, until each of said minor children of the parties marries, dies, is emancipated, reaches 19, or reaches 18 and is not a full-time high school student residing with a parent, or until further order of the Court, whichever first occurs.

That the bases for said child support order are set forth on a Dissomaster computation attached hereto as Exhibit "A", and incorporated herein by reference as though set forth in full.

That an earnings withholding order shall issue on a separate form.

That the parties have made the following declarations:

i. That they are fully informed of their rights pursuant to Part 2 of Division 9 of the California Family Code, Section 4065, and that the award is being agreed to without coercion or duress;

ii. That the agreement is in the best interest of the children involved;

iii. That the needs of the children will be adequately met by the stipulated amount;

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                              No. CV-F-05-1359 SMS

  iv. That the right to support has not been assigned to the county pursuant to Section 11477 of the California Welfare and Institutions Code, and no public assistance application is pending.

  If the stipulated child support amount is below the amount established by Part 2 of Division 9 of the California Family Code, Section 4065, no change of circumstances need be demonstrated to obtain a modification of the child support award to the applicable guideline level or above.

 7. <u>CHILD SUPPORT ARREARAGES</u>: That Petitioner shall also pay to Respondent, the sum of SEVEN THOUSAND TWO HUNDRED NINETY-THREE and no/100 DOLLARS ($7,293.00) as and for the support of the minor children for the period prior to July 1, 2006, payable at the rate of TWO HUNDRED and no/100 DOLLARS ($200.00) per month, until all of said sum has been paid in full.

 8. <u>HEALTH CARE INSURANCE</u>: That each party shall carry the minor children on his/her existing medical, dental, hospitalization and orthodontic insurance available through his/her respective employments or governmental health insurance plan, at no or reasonable cost, and furnish signed claims forms to the other party as necessary, until further order of the Court;

 <u>UNCOVERED HEALTH CARE EXPENSES</u>: Pursuant to the provisions of California Family Code Section 4063, a copy of which is attached hereto as Exhibit "B", and incorporated herein by reference as though set forth in full, that petitioner shall pay ½, and respondent shall pay ½, of any medical, dental, hospitalization and orthodontic expenses incurred for said minor children of the parties which are not covered by said insurance, until further order of the Court.

 9. <u>SPEECH THERAPY FOR ADINA</u>: That the parents shall provide speech therapy for ADINA CORTES, no matter with whom the child is residing at that time. That the parents shall

ORDER AFTER HEARING--June 20, 2006

CORTES GENE & CORTES                                    No. CV-F-05-1359 SMS

each pay for the speech therapy costs incurred while the child is in his/her respective physical custody.

    10.    <u>CONTINUING JURISDICTION</u>: That jurisdiction over all of the children's issues, including child custody, child visitation, and child support, shall be retained by Magistrate Judge Sandra M. Snyder, of this Court, for a period of at least two (2) years from the date of this Order, to make such other and further orders as are necessary to implement, enforce, and/or modify the terms of this Order. That either party may file a Notice of Motion/Petition to the Court for this court to continue its jurisdiction over said issues thereafter; or the Court may, on its own motion, continue its jurisdiction over said issues.

    11.    <u>ATTORNEY'S FEES AND COSTS</u>: That each party shall pay his/her own attorney's fees and costs incurred in this proceeding, through the entry of this Order.

    12.    <u>NEW NUMBER FOR PROCEEDING</u>: That the number of this proceeding shall be, and is hereby, changed to No. CV-F-05-1359 SMS.

PETITIONER WAS PRESENT TELEPHONICALLY, AND RESPONDENT WAS PERSONALLY PRESENT, IN OPEN COURT WHEN THE ABOVE ORDERS WERE AUDIBLY PRONOUNCED IN HIS AND HER PRESENCE.

APPROVED:

Dated: June 20, 2006.

SHAPIRO, THORN, INC.

_____
BRENT D. SEYMOUR
Attorney for Petitioner

Done in Open Court on June 20, 2006, and signed this 20th day of June, 2006.

_____
JUDICIAL OFFICER
SANDRA M. SNYDER

## DissoMaster Data Screen
### Monthly Figures

| Input Data | Father | Mother | Guideline (2006) | | Cash Flow Analysis | Gdln. | Prop. |
|---|---|---|---|---|---|---|---|
| Party Info | Father | Mother | Nets (adjusted) | | Comb. net spendable | 6637 | 6692 |
| Number of children | 0 | 2 | Father | 3060 | Percent change | 0% | 0.8% |
| % time with NCP | 33.00 | 0.00 | Mother | 3577 | Father, payor of CS, Prop. CS | | |
| Filing Status | Single | HH/MLA | Total | 6637 | Payment cost | 663 | 487 |
| # federal exemptions | 1* | 3* | **Support** | | Net spendable income | 2397 | 2573 |
| Wages + salary | 0 | 2925 | Presumed CS | -663 | Change from guideline | 0 | 175 |
| Self-employment income | 4425 | 0 | Basic CS | -463 | % of combined spendable | 36.1% | 38.4% |
| Other taxable income | 0 | 1047 | Add-ons | -200 | % of saving over guideline | 0% | 318.8% |
| TANF plus CS received | 0 | 0 | Spousal Support | blocked | Total Taxes | 1365 | 1014 |
| Other nontaxable income | 0 | 0 | Total | -663 | Dep. exemptions value | 0 | 175 |
| New-spouse income | 0 | 0 | | | # withholding allowances | 0(es) | 0(es) |
| Wages + Salary | 0 | 0 | **Proposed, Tactic 9** | | Net wage paycheck | 0 | 0 |
| Self-employment income | 0 | 0 | Presumed CS | -838 | Mother | | |
| SS paid other marraige | 0 | 0 | Spousal Support | 0 | Payment benefit | 663 | 542 |
| Retirement contrib. if ATI | 0 | 0 | Total | -838 | Net spendable income | 4240 | 4120 |
| Required union dues | 0 | 0 | Comb. Savings | 55 | Change from guideline | 0 | -120 |
| Nec. Job-related exp. | 0 | 0 | Total releases to Father | 2 | % of combined spendable | 63.9% | 61.6% |
| Adj. income (ATI) | 0 | 0 | | | % of saving over guideline | 0% | -218.8% |
| SS paid other marriage | 0 | 0 | Default Case Settings | | Total Taxes | 311 | 607 |
| CS paid other relationship | 0 | 0 | Default Tax Settings | | Dep. exemptions value | 0 | -120 |
| Health insurance | 0 | 84 | | | # withholding allowances | 7 | 0 |
| Itemized deductions | 0 | 0 | | | Net wage paycheck | 2592 | 2242 |
| Other medical expenses | 0 | 0 | | | | | |
| Property tax expenses | 0 | 0 | | | | | |
| Ded. interest expense | 0 | 0 | | | | | |
| Charitable contribution | 0 | 0 | | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other guideline deductions | 0 | 0 | | | | | |
| AMT Info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 400 | | | | | |


Exhibit "A"

# Findings and Rebuttals (Monthly)
**Figures exclude effect of current spousal support**

| Income | Father | Mother |
|---|---|---|
| Gross income | 4425 | 3972 |
| Net disposable income | 3060 | 3577 |
| Filing status | Single | HH/MLA |
| Number of exemptions | 1 | 3 |
| Total deductions | 1365 | 395 |
| **Allocation** | | |
| Amount allocated for child support | 1628 | 1903 |

| All Children Combined | Custodial Time | | Presumed Child Support | |
|---|---|---|---|---|
| Average for all children | 33.0% | 67.0% | 663 | Father pays Mother |

| Per Child | | | Presumed Child Support | |
|---|---|---|---|---|
| Laura | 33.0% | 67.0% | 251 | Father pays Mother |
| Adina | 33.0% | 67.0% | 412 | Father pays Mother |

| Per Child | | | Basic Child Support | |
|---|---|---|---|---|
| Laura | 33.0% | 67.0% | 151 | Father pays Mother |
| Adina | 33.0% | 67.0% | 312 | Father pays Mother |

| Per Child | | | Child Support Add-ons | |
|---|---|---|---|---|
| Laura | 33.0% | 67.0% | 100 | Father pays Mother |
| Adina | 33.0% | 67.0% | 100 | Father pays Mother |

# Findings and Rebuttals (Monthly), cont'd
**Figures exclude effect of current spousal support**

| Tax | Father | Mother |
|---|---|---|
| Federal income tax (prorated in the case of MFJ) | 565 | 86 |
| FICA | 0 | 224 |
| Self-employment tax | 625 | 0 |
| State income tax (prorated in the case of MFJ) | 174 | -23 |
| State disability insurance | 0 | 23 |
| **Other deductions** | | |
| Mandatory union dues | 0 | 0 |
| Mandatory retirement | 0 | 0 |
| Health insurance | 0 | 84 |
| Child and spousal support paid in other relationships | 0 | 0 |
| Hardship | 0 | 0 |
| Other guideline deductions | 0 | 0 |
| **Totals** | | |
| Total taxes | 1365 | 311 |
| Total other deductions | 0 | 84 |
| Total taxes and other deductions | 1365 | 395 |

# NOTICE OF RIGHTS AND RESPONSIBILITIES
## Health-Care Costs and Reimbursement Procedures

**IF YOU HAVE A CHILD SUPPORT ORDER THAT INCLUDES A PROVISION FOR THE REIMBURSEMENT OF A PORTION OF THE CHILD'S OR CHILDREN'S HEALTH-CARE COSTS AND THOSE COSTS ARE NOT PAID BY INSURANCE, THE LAW SAYS:**

**1. Notice.** You must give the other parent an itemized statement of the charges that have been billed for any health-care costs not paid by insurance. You must give this statement to the other parent within a reasonable time, but no more than 30 days after those costs were given to you.

**2. Proof of full payment.** If you have already paid all of the uninsured costs, you must (1) give the other parent proof that you paid them and (2) ask for reimbursement for the other parent's court-ordered share of those costs.

**3. Proof of partial payment.** If you have paid only your share of the uninsured costs, you must (1) give the other parent proof that you paid your share, (2) ask that the other parent pay his or her share of the costs directly to the health-care provider, and (3) give the other parent the information necessary for that parent to be able to pay the bill.

**4. Payment by notified parent.** If you receive notice from a parent that an uninsured health-care cost has been incurred, you must pay your share of that cost within the time the court orders; or if the court has not specified a period of time, you must make payment (1) within 30 days from the time you were given notice of the amount due, (2) according to any payment schedule set by the health-care provider, (3) according to a schedule agreed to in writing by you and the other parent, or (4) according to a schedule adopted by the court.

**5. Disputed charges.** If you dispute a charge, you may file a motion in court to resolve the dispute, but only if you pay that charge before filing your motion.

If you claim that the other party has failed to reimburse you for a payment, or the other party has failed to make a payment to the provider after proper notice has been given, you may file a motion in court to resolve the dispute. The court will presume that if uninsured costs have been paid, those costs were reasonable. The court may award attorney fees and costs against a party who has been unreasonable.

**6. Court-ordered insurance coverage.** If a parent provides health-care insurance as ordered by the court, that insurance must be used at all times to the extent that it is available for health-care costs.

a. **Burden to prove.** The party claiming that the coverage is inadequate to meet the child's needs has the burden of proving that to the court.

b. **Cost of additional coverage.** If a parent purchases health-care insurance in addition to that ordered by the court, that parent must pay all the costs of the additional coverage. In addition, if a parent uses alternative coverage that costs more than the coverage provided by court order, that parent must pay the difference.

**7. Preferred health providers.** If the court-ordered coverage designates a preferred health-care provider, that provider must be used at all times consistent with the terms of the health insurance policy. When any party uses a health-care provider other than the preferred provider, any health-care costs that would have been paid by the preferred health provider if that provider had been used must be the sole responsibility of the party incurring those costs.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
FL-192 [Rev. January 1, 2006]

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
**Health-Care Costs and Reimbursement Procedures**

Legal Solutions Plus

Family Code, §§ 4062, 4063

Exhibit "B"

## General Information
The court has just made a child support order in your case. This order will remain the same unless a party to the action requests that the support be changed (modified). An order for child support can be modified only by filing a motion to change child support and serving each party involved in your case. If both parents and the local child support agency (if it is involved) agree on a new child support amount, you can complete, have all parties sign, and file with the court a *Stipulation to Establish or Modify Child Support and Order* (form FL-350) or *Stipulation and Order (Governmental)* (form FL-625).

## When a Child Support Order May Be Modified
The court takes several things into account when ordering the payment of child support. First, the number of children is considered. Next, the net incomes of both parents are determined, along with the percentage of time each parent has physical custody of the children. The court considers both parties' tax filing status and may consider hardships, such as a child of another relationship. An existing order for child support may be modified when the net income of one of the parents changes significantly, the parenting schedule changes significantly, or a new child is born.

## Examples
* You have been ordered to pay $500 per month in child support. You lose your job. You will continue to owe $500 per month, plus 10 percent interest on any unpaid support, unless you file a motion to modify your child support to a lower amount and the court orders a reduction.
* You are currently receiving $300 per month in child support from the other parent, whose net income has just increased substantially. You will continue to receive $300 per month unless you file a motion to modify your child support to a higher amount and the court orders an increase.
* You are paying child support based upon having physical custody of your children 30 percent of the time. After several months it turns out that you actually have physical custody of the children 50 percent of the time. You may file a motion to modify child support to a lower amount.

## How to Change a Child Support Order
To change a child support order, you must file papers with the court. *Remember:* You must follow the order you have now.

## What forms do I need?
If you are asking to change a child support order open with the local child support agency, you must fill out one of these forms:
* FL-680, *Notice of Motion (Governmental)* or FL-683 *Order to Show Cause (Governmental)* and
* FL-684, *Request for Order and Supporting Declaration (Governmental)*

If you are asking to change a child support order that is **not** open with the local child support agency, you must fill out one of these forms:
* FL-301, *Notice of Motion* or FL-300, *Order to Show Cause* and
* FL-310, *Application for Order and Supporting Declaration* or
* FL-390, *Notice of Motion and Motion for Simplified Modification of Order for Child, Spousal, or Family Support*

You must also fill out one of these forms:
* FL-150, *Income and Expense Declaration* or FL-155, *Financial Statement (Simplified)*

## What if I am not sure which forms to fill out?
Talk to the family law facilitator at your court.

**After you fill out the forms,** file them with the court clerk and ask for a hearing date. Write the hearing date on the form.
The clerk will ask you to pay a filing fee. If you cannot afford the fee, fill out these forms, too:
* Form 982(a)(17), *Application for Waiver of Court Fees and Costs*
* Form 982(a)(18), *Order on Application for Waiver of Court Fees and Costs*

**You must serve the other parent.** If the local child support agency is involved, serve it too.
This means someone 18 or over—**not you**—must serve the other parent copies of your filed court forms at least **16 court days** before the hearing. Add **5 calendar days** if you serve by mail within California (see Code of Civil Procedure section 1005 for other situations). **Court days** are weekdays when the court is open for business (Monday through Friday except court holidays). **Calendar days** include all days of the month, including weekends and holidays. To determine court and calendar days, go to *www.courtinfo.ca.gov/selfhelp/courtcalendars/*.

The server must also serve blank copies of these forms:
* FL-320, *Responsive Declaration to Order to Show Cause or Notice of Motion* and FL-150, *Income and Expense Declaration*, or
* FL-155, *Financial Statement (Simplified)*
Then the server fills out and signs a *Proof of Service* (form FL-330 or FL-335). Take this form to the clerk and file it.

**Go to your hearing and ask the judge to change the support.** Bring your tax returns from the last two years and your last two months' pay stubs. The judge will look at your information, listen to both parents, and make an order. After the hearing, fill out:
* FL-340, *Findings and Order After Hearing* and
* FL-342, *Child Support Information and Order Attachment*

## Need help?
Contact the family law facilitator in your county or call your county's bar association and ask for an experienced family lawyer.

# Minute Entries

1:05-cv-01359-LJO Cortes Gene v. Cortes

## U.S. District Court

### Eastern District of California - Live System

Notice of Electronic Filing

The following transaction was received from Robles, F entered on 6/20/2006 at 4:17 PM PDT and filed on 6/20/2006

**Case Name:**      Cortes Gene v. Cortes
**Case Number:**    1:05-cv-1359
**Filer:**
**Document Number:** 36

**Docket Text:**
MINUTES (Text Only Entry) for proceedings held before Judge Sandra M. Snyder: (SECOND) SETTLEMENT CONFERENCE held on 6/20/06 and case SETTLED. Order After Hearing to be scanned and processed by the court. Per stipulation of counsel, case ordered REASSIGNED from Judge O'Neill (LJO) to Judge Snyder (SMS). Counsel to meet and confer re: Special Master and advise the court by 7/18/06 via conference call. Plaintiff's Counsel Brent D. Seymour present. Defendant's Counsel Stephen A. Kalemkarian present. Court Reporter/CD Number: J. Vasquez. (Robles, F.)

The following document(s) are associated with this transaction:

**1:05-cv-1359 Electronically filed documents will be served electronically to:**

Stephen A. Kalemkarian    sakalemkarian@aol.com

Brent Desmond Seymour    brentseymour@schapirothorn.com, brentseymour@covad.net

**1:05-cv-1359 Electronically filed documents must be served conventionally by the filer to:**