STEPHEN A. KALEMKARIAN, INC., #041979
A Professional Law Corporation
371 E. Bullard Avenue, Suite 115
Fresno, California  93710
Telephone:  (559) 435-2525

Attorney for Respondent
                        CORINNE CORTES

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SITTING AS A TREATY TRIBUNAL UNDER
**ARTICLE III SECTION 2 OF THE UNITED STATES CONSTITUTION
CONCURRENT JURISDICTION CONFERRED BY 42 U.S.C. 11602 ET SEQ.**

* * * * *

| | | |
|---|---|---|
| DANIEL CORTES GENE, | ) | Case No.  1:05-cv-01359 SMS |
| | ) | |
| Petitioner, | ) | STIPULATION AND ORDER |
| | ) | REGARDING APPOINTMENT OF |
| vs. | ) | SPECIAL MASTER |
| | ) | |
| CORINNE CORTES, | ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

The Convention on the Civil Aspects
of International Child Abduction,
done at the Hague on 25 Oct. 1980 [The Convention]

--------------------
International Child Abduction Remedies Act
42 U.S.C. 11601 et seq.

STIPULATION AND ORDER RE APPOINTMENT, etc.

CORTES GENE & CORTES                                    No. CV F 05 1359  SMS

PURSUANT TO THE STIPULATION OF THE PARTIES hereinafter set forth, and good cause appearing therefor,

IT IS ORDERED, ADJUDGED AND DECREED THAT;

1.      APPOINTMENT, PURPOSE AND DUTIES:

a.      **Dr. Christine D. Pigeon, Ph.D.**, is appointed Special Master pursuant to California Code of Civil Procedure §638, et seq., until her resignation or written agreement of the parties, or further court order, whichever first occurs.

b.      This appointment is based upon the expertise of the Special Master as agreed upon by the parties.

c.      The purpose of the appointment of the Special Master is to provide assistance to the parties in implementing custody and visitation orders, and dispute resolution between the parties on custody, visitation, and other issues regarding the minor children of the parties, as such issues may arise.

d.      That, in an emergency, the Special Master may ask the court to initiate an Order to Show Cause on its own motion.

2.      RESOLUTION OF ISSUES BETWEEN THE PARTIES/SPECIAL MASTER/COURT PROCEEDINGS:    As previously ordered by this Court, in that certain "ORDER AFTER HEARING--JUNE 20, 2006", filed herein on June 21, 2006 (hereinafter, "Order"):

a.      That the parties shall communicate directly with each other regarding implementation of the parenting plan contained in said Order.  If issues arise between the parties regarding implementation of the parenting plan contained in said Order, the parties shall make good-faith efforts to resolve such difficulties between them.

b.      If the parties cannot, after a good-faith effort, resolve such issues, then the parties may, at their option submit, in writing, a summary of the issue, together with their

STIPULATION AND ORDER RE APPOINTMENT, etc.

CORTES GENE & CORTES                                    No. CV F 05 1359  SMS

---

efforts to resolve the issue, for resolution by a Special Master.  The Special Master shall be Dr. Christine D. Pigeon, Ph.D., who is a mental health professional agreed upon by the parties, and has been appointed to resolve difficulties of the parties regarding the children, as issues between the parties arise.

c.      That the Special Master shall forward her written recommendation to the parties for resolution of the issue between the parties.  That each party shall pay one-half (½) of the fees for the Special Master, unless otherwise ordered by this Court.  That the Special Master shall submit her recommendation to Magistrate Judge Sandra M. Snyder; and the Court may sign the recommendation of the Special Master, as an Order of the Court, at the Court's discretion; and/or the Court may issue an informational order thereon.

d.      That if either party is unsatisfied with the recommendation of the Special Master, and Order thereon, either party has the right to file a notice of motion with this Court, within fifteen (15) days of the date of mailing of said Order, for resolution by Magistrate Judge Sandra M. Snyder, together with a request for a re-apportionment of the fees for the Special Master.

3.      QUASI-JUDICIAL IMMUNITY:    That the Special Master is a court Officer.  The Special Master has quasi-judicial immunity.  The Special Master cannot be sued based on her actions in this matter.

4.      PROCEDURE:

a.      That both parties shall participate in the dispute resolution process as defined by the Special Master.  **All parties understand that information obtained by the Special Master and opinions formed by her are not confidential**.  The Special Master may conduct hearings which are informal in nature, by telephone or in person, and need not comply with the rules of evidence.  No record need  be made except the Special Master's written recommendations.  The Special Master shall have the authority to determine the

STIPULATION AND ORDER RE APPOINTMENT, etc.

CORTES GENE & CORTES                                    No. CV F 05 1359  SMS

protocol of all interviews and sessions including, in the case of meetings with the parties, the power to determine who may attend such meetings.

b.      The parties shall provide all reasonable records, documentation, and information requested by the Special Master.

c.      The parties shall agree to sign any and all releases for records and information requested by the Special Master.

d.      Recommendations by the Special Master by their very nature are often made in circumstances involving severe time constraints, and possibly emergencies; therefore, these recommendations may be made orally, but in a fashion communicated to both parties.

In the event of an emergency regarding the implementation of the parties' parenting plan, the recommendation of the Special Master shall be binding upon the parties at the time said recommendation is made.  Provided, however, that either party may file his/her objection with the Court, and request for an ex parte hearing, within two (2) working days thereafter.

The Special Master shall otherwise follow the procedure set forth in Paragraph 2. hereinabove, as to submission of her recommendation to this Court, requesting that the Court sign said recommendation as an Order of this Court.  That if either or both of the parties desire to contest the recommendation of the Special Master, the parties shall follow the procedure set forth in Paragraph 2. hereinabove to contest said recommendation.

///

///

5.      COMMUNICATION WITH SPECIAL MASTER:

a.      That the parties and their attorneys shall have the right to initiate or receive ex parte communication with the Special Master.   Either party may initiate contact in

STIPULATION AND ORDER RE APPOINTMENT, etc.

CORTES GENE & CORTES                                    No. CV F 05 1359  SMS

writing with the Special Master, provided that copies are provided to opposing counsel simultaneously.

b.      That the Special Master may communicate ex parte with the Judge, at the discretion of the Special Master and the Judge.  Such communications shall be made only after giving notice to both parties; provided, however, that notice may be excused if notice would frustrate the very purpose of the communication.   If the Special Master communicates with the Judge without having given notice she shall notify the Judge of that fact and her reason for not giving notice.

6.      FEES:

a.      That the Special Master fees are as set forth in the Fee Agreement executed by the parties.

b.      That the Special Master may recommend a reallocation of the Special Master's fees as set forth in Paragraph 2. hereinabove.

7.      GRIEVANCES:

a.      That the Special Master may be disqualified on any of the grounds applicable to the removal of a judge, referee or arbitrator.

b.      Neither party may initiate court proceedings for the removal of the Special Master or bring to the court's attention any grievances regarding the performance or actions of the Special Master without conferring with the Special Master in an effort to resolve the grievance.

c.      Neither party shall complain about the Special Master to the Special Master's licensing board without first conferring with the Special Master in an effort to resolve the grievance.

d.      If either party or the Special Master believes that there exists a grievance between them with respect to this stipulation that cannot be resolved, either party or the

STIPULATION AND ORDER RE APPOINTMENT, etc.

CORTES GENE & CORTES                                    No. CV F 05 1359  SMS

Special Master can move the court for relief, regarding the grievance between them with respect to this stipulation, after complying with Paragraph 7. hereinabove.

///

8.      RESIGNATION OF SPECIAL MASTER:

a.      That the Special Master may resign any time she determines the resignation to be in the best interest of the children or the Special Master is unable to serve out her term, upon fifteen (15) days' written notice to the parties.

b.      That the Court may use any of its powers, including the applicable laws of the United States and the State of California to enforce this order.

Dated:  December 11, 2006.                    Dated:  December 13, 2006.

SHAPIRO-THORN, INC.                           STEPHEN A. KALEMKARIAN, INC.

s/Brent D. Seymour                            s/Stephen A. Kalemkarian

_____              _____
BRENT D. SEYMOUR                              STEPHEN A. KALEMKARIAN
Attorney for Petitioner,                      Attorney for Respondent,


IT IS SO ORDERED.

**Dated:   December 22, 2006**        _____/s/ Sandra M. Snyder_____
icido3                                UNITED STATES MAGISTRATE JUDGE